RECEIVED
FEB 2 8 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| BRANDI LEDOUX | CIVIL ACTION NO. 2:16-0525 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| GOLDEN NUGGET LAKE CHARLES LLC | MAG. JUDGE KAY |

## MEMORANDUM RULING

Before the court is "Golden Nugget Lake Charles, L.L.C.'s Motion for Summary Judgment" (R. #24) wherein defendant, Golden Nugget Lake Charles, L.L.C. ("Golden Nugget") moves to dismiss all of plaintiff's claims with prejudice.

## STATEMENT OF FACTS

Plaintiff, Brandi LeDoux, was employed by Golden Nugget as a Surveillance Supervisor from September 15, 2014 until December 22, 2014. On or about October 12, 2014, Ms. LeDoux complained to the Golden Nugget Human Resources department that her supervisor, Mr. Lafary listened to two inappropriate comedy routines on his phone while they were in the surveillance monitor room together. Golden Nugget investigated the complaint. Ms. LeDoux never asked Mr. Lafary to turn off the videos, nor did she tell him the videos were offensive. After the investigation, Mr. Lafary was counseled, given a final warning and suspended without pay for three (3) days.

On December 1, 2014, Ms. LeDoux complained to Human Resources that Mr. Lafary was undermining her authority and treating her differently from other employees by not calling her by name and/or saying "hello." Later in December 2014, Ms. LeDoux was denied a request for

1

additional time off during the holidays. Ms. LeDoux resigned her employment on December 22, 2014. In January 2015, Ms. LeDoux inquired about another position, but was informed that only front line positions were available.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party,

---

[1] Fed. R. Civ. P. 56(c).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[3] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[4] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[5] Anderson, 477 U.S. at 249.
[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[8]

## LAW AND ANALYSIS

The Golden Nugget maintains that Ms. LeDoux cannot meet her burden to show a genuine issue of material fact for trial. Specifically, the Golden Nugget asserts that Ms. LeDoux does not have an actionable claim and her state law claims are prescribed. Consequently, the Golden Nugget argues that plaintiff's claims must be dismissed.

In her complaint, Ms. LeDoux asserts that she was discriminated against and harassed, and after she reported the incident, she was retaliated against and then constructively discharged. Title VII prohibits sexual harassment that takes the form of a tangible employment action, such as a demotion or denial of promotion, or the creation of a hostile or abusive working environment.[9] To establish a *prima facie* case of sexual harassment, she must show that (1) she belongs to a protected class; (2) she was subjected to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment.

The Golden Nugget maintains that even though Ms. LeDoux is a member of a protected class, she was not subjected to sexual harassment, the incident involving Mr. Lafary was not based on sex, and it did not affect a term or condition of her employment.

---

[7] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[8] Anderson, 477 U.S. at 249-50.
[9] 42 U.S.C. § 2000 et seq. (1964); Faragher v. City of Boca Raton, 524 U.S. 775, 786. 118 S.Ct. 2275 (1998).

The Golden Nugget maintains that the videos were not meant to harass Ms. LeDoux and furthermore, Mr. Lafary asked Ms. LeDoux if the videos offended her to which she responded that they did not.[10]

The Golden Nugget asserts that no term or condition of Ms. LeDoux's employment was affected by the incident. To affect "a term, condition, or privilege of employment, 'sexual harassment must be sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive working environment.'"[11] Whether a work environment is abusive or hostile depends on a totality of the circumstances, "including such factors as: (1) the frequency of the conduct; (2) its severity; (3) the degree to which the conduct is physically threatening or humiliating; and (4) the degree to which the conduct unreasonably interferes with an employee's work performance."[12] The conduct must be both "objectively offensive, meaning that a reasonable person would find it hostile and abusive, and subjectively offensive, meaning that the victim perceived it to be so.[13] The finding of a sexually hostile work environment is typically reserved for cases that "involved patterns or allegations of extensive, long lasting, unredressed and uninhibited sexual threats or conduct that permeated the plaintiff's work environment.[14]

The Golden Nugget argues that the complained of conduct was not pervasive and was also an isolated single incident after which the Golden Nugget took the appropriate action. Thus, the offensive conduct was not sufficiently severe to constitute harassment under the law.

---

[10] Defendant's exhibits E to exhibit F; Bourgeois Declaration, ¶ 8, R. #24-2.
[11] Stewart v. Mississippi Transp. Com'n, 586 F.3d 321, 330 (5 th Cir. 2009) (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 116, 122 S.Ct. 2061 (2002)).
[12] Donaldson v. CBD Inc., 2009 WL 1916466, at *7 (5th Cir. July 6, 2009).
[13] Shepherd v. Comptroller of Pub. Accounts, 168 F.3d 871, 874 (5th Cir. 1999).
[14] Indest v. Freemen Decorating, Inc., 164 F.3d 258, 264 (5th Cir. 1999)(citing Faragher, 524 U.S. at 775).

In her opposition, Plaintiff refers to the videos as "Ron White: A Little Unprofessional, September 2012 and "Bill Bellamy: Back to My Roots," 2005. The court notes that Ms. LeDoux has not submitted these videos as evidence, only their titles. In her statement of facts, Ms. LeDoux informs the court of some of the expletives and crude sexual insinuations that are allegedly contained in the videos, however, there is no summary judgment evidence submitted either by video, affidavit, deposition or otherwise.

The court agrees with the Golden Nugget that the complained of, albeit crude behavior by Mr. Lafary, was an isolated incident and thus does not create a hostile work environment. But more significantly, there is no summary judgment evidence submitted that would allow this court to determine the offensive nature of the alleged harassment. Referring the court to titles of videos is not proper summary judgment evidence. Accordingly, the court finds that Ms. LeDoux has failed to establish a prima facie case of sexual harassment.

As for retaliation, this claim fails as well. The conduct suggested by Ms. LeDoux that Mr. Lafary refused to acknowledge her by name and/or in front of her co-workers is not actionable retaliation. To establish a *prima facie* case of retaliation, Ms. LeDoux must show that: (1) she engaged in a protected activity; (2) the Golden Nugget took an adverse employment action against her; and (3) a causal link exists between the protected activity and the adverse employment action.[15] To constitute prohibited retaliation, an employment action must be "materially adverse," one that would "dissuade[ ] a reasonable worker from making or supporting

---

[15] See Barkley v. Singin River Electric Power Association, 2011 WL 2846542 at *5 (5th Cir. July 19, 2011); Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 319 (5th Cir. 2004).

a charge of discrimination."[16] The court finds that the facts do not establish that Ms. LeDoux was retaliated against after filing her harassment complaint.

Ms. LeDoux alleges that she was constructively discharged. To prove a constructive discharge claim, a plaintiff must allege that working conditions are so intolerable that "a *reasonable person* would have felt compelled to resign."[17] Ms. LeDoux asked to be transferred and was informed that the only available positions were in the front which would have changed her salaried position to an hourly position resulting in a pay decrease. Ms. LeDoux requested to be off December 24, 25 and 26 and that request was denied; Ms. LeDoux resigned on December 22, 2014.[18] Ms. LeDoux voluntarily resigned her position. On January 2, 2015, after the holidays, Ms. LeDoux inquired about re-employment but was dissatisfied with the available positions.[19] The court finds that the facts presented do not establish that Ms. LeDoux was constructively discharged.

Ms. LeDoux asserts a claim for intentional infliction of emotional distress. Conduct that causes intentional infliction of emotional distress must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." The court finds that the conduct complained of in the complaint does not establish an action for intentional infliction of emotional distress.

---

[16] Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).
[17] Pennsylvania State Police v. Suders, 542 U.S. 129, 141 (2004).
[18] Bourgeois Declaration, ¶ par 15-16; see also Personnel Action Record, defendant's exhibit A to EEOC Charge Response; Resignation Email, defendant's exhibit L to EEOC Charge Response.
[19] Bourgeois Declaration, ¶ 17.

The court further finds that Ms. LeDoux's state law claims are prescribed. Ms. LeDoux alleges she was subjected to sexual harassment and intentional infliction of emotional distress by Mr. Lafary on October 12, 2014 and her complaint was filed on April 20, 2016. Louisiana's anti-discrimination statute has a prescriptive period of one year during which a plaintiff must file her complaint under Louisiana Revised Statutes 23:301 et seq. This period may be extended up to six months during an administrative investigation of a claim by the EEOC or the Louisiana Commission on Human Rights.[20] Even considering the available extension, more than eighteen months have passed since the alleged harassing conduct took place.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted dismissing with prejudice all of Ms. LeDoux's claims against the Golden Nugget at Ms. LeDoux's costs.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 27th day of February, 2017.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[20] La.R.S. 23:303(D).